```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
────────────────────────────────────────

**UNITED STATES OF AMERICA**

      - against -                                    00cr977 (JGK)

**KEVIN ALLER,**                                    <u>ORDER</u>

                Defendant.

────────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

The Court has received the attached letter from the defendant. The Government should respond by June 19, 2020. The defendant may reply to the Government's responses to the defendant's motion for compassionate release by June 29, 2020. It is not helpful for the defendant to file additional filings outside the schedule determined by the Court because it simply delays the disposition of the numerous filings that the petitioner has already made. Chambers will mail a copy of this order to the defendant.

**SO ORDERED.**

**Dated:**    **New York, New York**
             **June 10, 2020**                          _____/s/ John G. Koeltl_____
                                                                 John G. Koeltl
                                                         United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW YORK.

Kevin Aller.
   Petitioner/Defendant

V.

United States of America.
   Respondent/Plaintiff

Case No.
00 cr 977 (JGK)

Emergency motion for order Reducing Sentence under 18. U.S.C. §3582.

Kevin Aller, respectfully moves this Court to grant Compassionate Release under 18. U.S.C 3582(c)(1)(A) based on the "extraordinary and compelling reasons" presented by the Covid-19 pandemic. This Court should grant relief based on Mr Aller's chronic medical conditions, plus serving a large portion of his sentence, and the grave situation with-in" the Federal Correctional Institution with numerous confirmed Covid-19 cases afflicting staff and inmates. Mr Aller request an order Reducing the Plaintiffs' sentence to time served. And imposing an additional period of Supervised Release with a condition of Home Confinement.

### Compassionate Release Before the First Step Act

THE Compassionate Release statute empowers Courts to reduce a defendant's sentence under contain circumstances

(1)

"Where extraordinary and compelling reasons warrant such a reduction" 18 U.S.C. 3582(c)(1)(A)(i). The statute was first enacted as part of the Comprehensive Crime Control Act of 1984 to serve as a "safety valve" to enable judges to reassess whether a sentence reduction was warranted by factors previously addressed through the abolished parole system. The Sentencing Commission defined "extraordinary and compelling reasons" as including medical conditions, age, family circumstances, and other reasons." U.S.S.G. 1B1.13, (comm. N/(A). As originally enacted, the statute left sole discretion for filing Compassionate Release motion with the Director's of the Bureau of Prisons ("BOP").

Compassionate Release After First Step Act

On December 21, 2018, the president signed the First Step Act into Law, significantly changing 3582, most significantly by allowing defendants to directly petition courts for relief instead of leaving relief decisions solely with the BOP. 18. U.S.C. 3582(c)(1)(A)(i). The Compassionate Release Statute, as amended by the First Step Act, authorizes district courts once certain conditions are met, to grant a sentencing reduction under U.S.C. 3582(c)(1)(A)(i) where "extraordinary and compelling reasons warrant such a reduction" and a reduction would be consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statements explain "extraordinary and compelling reasons exist" where, among other things, a defendant is "suffering" from a serious physical or medical conditions... that

(2)

that substantially diminishes the ability of the defendant to provide self care within the environment of a correctional facility and from which he or she is not expected to recover." See U.S.S.G. 1B1.13 cmt. n. (A). The Sentencing Commission's policy statement also directs that "the defendant is not a danger to the safety of any other persons or to the community, as provided in 18 U.S.C 3142 (g)," and must consider "the factors set forth in 18 U.S.C 3553(a) to the extent applicable." See U.S.S.G. 1B1.13.

over 30 days have passed since the petitioners request compassionate release, so this court has jurisdiction.

the petitioner request compassionate release on March 23, 2020, While he was incarcerated in FCI Estill, there on April 12., two F4 Tornado's hit the institution destroying it. The petition was transferred to FCI Lewisburg, where he again asked for compassionate release, where 30 days have passed. Under 18 U.S.C 3582 (c)(1)(A)(i), a defendant ordinarily must wait 30 days after submitting a request for compassionate release. 30 days have passed. this court has jurisdiction.

(3)

This Court should grant the petitioner's Compassionate Release so Covid-19. Does not Render His Remaining Empressoment Term a Death Sentence.

The present motion for Compassionate Release is based on conditions that have Radically Changed. In the nine years since the underlying convictions the petitioner meet the Criteria for Re-lease For several Reasons. (1) he suffers Chronic medical Conditions placing him at high Risk for Covid-19 Infections, coupled with his incarceration in the B.O.P. which is experiencing a serious Covid-19 outbreak; and he has served several years on his term of imprisonment. And he poses a minimal risk, if any to the public. Which can be managed through home confinement. And supervision, and oversight, by his parole officer. See 3553. (a) Factors.

The petitioners high risk of Covid-19 Infection due to medical Risk and Covid-19 through-out B.O.P. presents, extraordinary and compelling reasons"

On March 11, 2020, the world Health organizations ("who") officially classified the spread of Covid-19, the disease caused by the novel coronavirus, as a pandemic, on March 13, 2020 the president declared a national emergency due to the evolving threat of the Coronavirus (Covid-19)

outbreak. To slow the spread of the disease, the Center For Disease Control and Prevention ("CDC") has broadly advised people to take basic preventive actions, such as avoiding crowds, staying six feet away from others, keeping surfaces disinfected, and frequently washing their hands or using hand sanitizer. These precautions are impossible for incarcerated individuals. As such public health experts warn that incarcerated individuals "are special risk of infection"; and are less able to participate in proactive measures to keep themselves safe.

The petitioner's medical records, to this motion reflect a multitude of health problems. He suffers from Asthma, high blood pressure, respiratory problems, and obesity; and is an at risk inmate; In addition see

"Achieving a Fair And Effective Covid-19 Response: An open letter to Vice President Mike Pence, and other Federal, State and Local Leaders From public Health and Legal Experts In the United States" (March 2, 2020).

Contributing to the rapid spread of Covid-19 are circumstances inmate to prison life. Inmates must share communal living spaces and bathrooms. Hand Sanitizer, an effective disinfectant Recommended by (CDC) to reduce transmission, is deemed "forbidden" [Contraband]

The petitioners' medical condition put him

(5)

At significant risk for even more severe and life-threatening illness should he be exposed to Covid-19 while incarcerated. The outbreak of Covid-19 in the B.O.P is likely to have fatal consequences for him. Based on these facts the petitioner ask this court to find his health conditions and placement sufficient to satisfy the criteria for a reduction of sentence.

### Relevant 3553(A) Sentencing Factors Warrant Compassionate Release.

Under the Compassionate Release Statute, where a defendant establishes the existence of extraordinary and compelling circumstances justifying relief, court must consider the relevant sentencing factors of 18 U.S.C. 3553(A) to determine whether a sentencing reduction or modification is warranted. 18 USC 3582 (C)(1)(A)(i). This Court's Compassionate Release Analysis is not limited to the perspective of sentencing (then), but rather to the 18 U.S.C 3553(A) factor's as they exist now. Here the petitioner's health and the unique danger he faces of contracting Covid-19 in the B.O.P when combined with other Section 3553 sentencing factors warrant relief.

### Release Plan

The petitioner mr Allen can stay with His children mother, she is a police officer, and Have His own room after Being gone For over 20 years, and can Be with His Family two daughters and three grand children. Verwant Clark or can stay with His sister yolanda olivieri, who work for the city in the court system, she Has a room For Him, and could Be there with His two nephew. And they Just lost there Father New to Diebeaties. there will Be Seval Job's open For Him, so it won't Be a problem to Find A Job. He Has multond Family that He can stay with, Because He Does Have 200% Family Support.

C71

Courts are increasingly heeding the call legal and medical experts by releasing vulnerable inmates from BOP. Facilities by granting compassionate release due to Covid-19 risk see e.g. United States v. Makins No 4:05-cr-40025-LLP Dkt. 158. (DSD APR 6 2020. Reducing sentencing by 40 months under the First Step Act, given the extreme changes posed by Covid-19. United States v. Zuckerman No 1:16-cr-194-AT, Dkt No. 116 (Apr 3 2020) granting Immediate Compassionate Release given Covid-19 to defendant convicted in multi-million-dollar Fraud) United States v. Edwards No 6:17-cr-3 MKM Dkt No 134 (Apr. 2. 2020) ("granting Compassionate release" had the Court known when it Sentenced Defendant in 2018 that the final 18 months of his term in Federal prison would expose him to a heighted and substantial risk presented the Court would not have Sentenced him to the Latter 18 months) United States v. Resnik 2020 WL 1651508(SDNY. Apr. 2. 2020.

Conclusion

The novel coronavirus that causes Covid-19 has triggered a pandemic. The virus is highly transmissible, extraordinarily dangerous, and poses a severe threat of death which constitutes " extraordinary and compelling reasons

x _Kriss Kll_
PO Box 1000
Lewisburg, PA
17837

(81)

