**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

         - against -

**KEVIN ALLER,**

                     **Defendant.**

---

00-cr-977 (JGK)

**MEMORANDUM OPINION**
**AND ORDER**

**JOHN G. KOELTL, District Judge:**

     The defendant, Kevin Aller, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), and in the alternative that the Court sentence the defendant to home confinement for the remainder of his sentence.

     The Court previously detailed the factual and procedural history relating to the defendant that included his conviction after trial for conspiracy to murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a). See United States v. Aller, 486 F. Supp. 3d 752, 754-61 (S.D.N.Y. 2020). Two prior judges of this court had previously sentenced the defendant principally to a total of 50 years in prison based on the crimes of conviction. Id. at 754, 757. This Court resentenced the defendant pursuant to section 404 of the First Step Act to Time Served on one of the counts of conviction, resulting in a twenty-year reduction in the defendant's sentence, leaving a total term of thirty years' imprisonment. In determining the appropriate sentence to impose at resentencing on November 17, 2020, the Court carefully

considered the factors listed in 18 U.S.C. § 3553(a) and imposed a sentence that was sufficient but no greater than necessary to accomplish the sentencing objectives set forth in § 3553(a)(2). The Court considered the seriousness of the underlying crimes, the need for deterrence and protection of the public. The Court also thoroughly considered mitigating factors, including the restrictive conditions of confinement as a result of Covid and the defendant's medical conditions. The Court was convinced that the sentence of thirty years was the appropriate sentence taking all of the § 3553(a) factors into account. Resentencing Transcript, ECF No. 182, at 28-31. After the Court resentenced the defendant on the count subject to the First Step Act, the Court denied the defendant's motion for a reduction in sentence pursuant to § 3582(c) because the Court had already considered the relevant factors in determining the sentence to be imposed after application of the First Step Act. Id. at 38-39.

Shortly after the Court imposed the reduced sentence, the defendant again moved to reduce his sentence and the Court denied the application. ECF No. 186 at 3. In January 2021, the Court again denied a renewed application for compassionate release under § 3582(c) because, despite the existence of Covid, the defendant had failed to show that the § 3553(a) factors supported the defendant's release. ECF No. 190 at 2.

The defendant has now renewed his motion for compassionate release and, in the alternative, for home confinement. But the defendant has failed to show that the § 3553(a) factors support his immediate release or his release to home confinement.

Section 3582(c)(1)(A) provides that a district court may reduce a sentence after considering the factors set forth in § 3553(a), to the extent they are applicable, provided that the defendant has exhausted administrative remedies and has demonstrated an "extraordinary and compelling reason" that justifies the sentence reduction. See 18 U.S.C. § 3582(c)(1)(A). The factors in § 3553(a) are (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the appropriate purposes of punishment, (3) the kinds of sentences available; (4) the sentencing guidelines range; (5) any policy statement by the Sentencing Commission; (6) avoiding disparate sentences among similarly situated defendants; and (7) the need to provide restitution. 18 U.S.C. § 3553(a).

The Court of Appeals for the Second Circuit recently has made it clear that a district court has broad discretion in determining whether a defendant has shown an extraordinary and compelling reason for a sentence reduction. See United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). "The only statutory limit on what a court may consider to be extraordinary and

3

compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" Id. at 237–38 (quoting 28 U.S.C. § 994(t)).

The Government does not dispute that the defendant has exhausted his administrative remedies. The defendant argues that he has demonstrated extraordinary and compelling reasons for release. The defendant argues in particular that, as a result of Covid, his conditions of confinement at FCI Danbury are sufficiently harsh to justify a finding of extraordinary and compelling reasons for release, despite the fact that he is fully vaccinated. The Court is prepared to accept that the defendant has shown extraordinary and compelling circumstances that could justify release in an appropriate case, but the defendant has failed to show that the factors under § 3553(a)(2) would be satisfied by his release. The same factors that the defendant relies on for this application are some of the same factors that the Court carefully considered in arriving at the appropriately reduced sentence under the First Step Act and that the Court considered in each of the subsequent applications for compassionate release. The seriousness of the defendant's crimes, the need for deterrence, and the protection of the public are strong factors weighing in favor of continued incarceration. The Court was aware of the restrictive nature of the defendant's likely confinement when it determined the

reduced sentence. Indeed, the defendant has now been fully vaccinated so that his risk of contracting the most severe form of Covid has been reduced. Taking all of the appropriate factors into account, there is no basis for a reduced sentence at this time.

The defendant argues in the alternative that the Court should sentence the defendant to home confinement. To the extent that the defendant seeks to have the Court sentence the defendant to serve the remainder of his sentence in home confinement pursuant to § 3624(c), the motion is denied because the Court lacks the authority to do so. See United States v. Konny, 463 F. Supp. 3d 402, 404-05 (S.D.N.Y. 2020). The authority to make such a designation rests with the Bureau of Prisons. Id. at 405. The defendant relies on cases that have granted compassionate release and added home confinement as a condition of supervised release. See, e.g., United States v. Campagna, No. 16-cr-78, 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020). But the defendant has not justified the reduction of his sentence pursuant to compassionate release nor justified placing him immediately on supervised release.

### Conclusion

For the reasons explained above, the defendant's application for compassionate release or a release to home confinement is **denied**. The Clerk is directed to mail a copy of

this Memorandum Opinion and Order to the pro se defendant and to

note service in the docket.

**SO ORDERED.**
Dated:      New York, New York
            March 29, 2022

                                        John G. Koeltl
                              United States District Judge